UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X

JASON BRAND
                    -Debtor -                                    Case #: 819-71605-LAS
                                                                Hon. Louis A. Scarcella
IN RE CHAPTER 13 BANKRUPTCY                    **LETTER/MOTION: CREDITOR: WELLS FARGO
                                                                BANK, NA REFUSAL TO STAY STATE COURT
                                                                ACTION SUBJECT TO FED R 11 USC 362**

-------------------------------------------------------X
RE: Jason P Brand V Wells Fargo Bank, N.A. et al – Bronx County Supreme Court – Index # 32851/2018E

Your Honor;

The Defendant in the above State Court Action in which I have requested that this court be removed to
the District Court in which the Chapter 13 Bankruptcy Proceeding is pending, has refused to
acknowledge that the Automatic Stay applies to them. I wanted to advise this court that such ongoing
actions in State Court directly affect the claims and rights of the Debtor and the creditors.

As of Note: The Creditor Wells Fargo, has submitted their objection to the confirmation of the proposed
Chapter 13 plan, yet is at the same time refusing to comply with the Automatic Stay of this Court.

I have provided notice to the NYS Court as well as the Creditor that the Bronx Court Action must be
adjudicated by the District Court in Which this Bankruptcy Filing is taking place, as the claims in this
Action brought by the Debtor claim that the foreclosure action commenced by the Creditor Wells Fargo
was done in violation of a Valid and Enforceable NYS Court Order, in which the Creditor acknowledged
jurisdiction under, yet decided to violate such order by the use of forum shopping.

As we see here is this latest twist of events by the creditor, they have opposed the Chapter 13 Plan and
its confirmation, at the same time failing to adhere to this courts Automatic Stay, and again attempting
to circumvent an order of a court of law.

The Debtor is requesting that your honor issue an order holding the Creditor in Contempt, issuing an
order staying the State Court Action as of the date of Filling and Notice of Filing of March 5th, 2019,
together with any other relief it deems fair and just.

This Motion shall be served/filled with the Notice of Removal of this State Court action to the district in
which the Chapter 13 action above is pending before this court.

Sincerely

Jason Brand
Dated April 17, 2019

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------X

JASON BRAND
                    -Debtor -

IN RE CHAPTER 13 BANKRUPTCY

-----------------------------------------------------X

CLERK
BANKRUPTCY COURT
EASTERN DISTRICT OF
NEW YORK

2019 APR 23  A 11: 50

RECEIVED/MR

Case #: 819-71605-LAS
Hon. Louis A. Scarcella

**NOTICE / APPLICATION OF REMOVAL OF STATE ACTION PURSUIT TO 28 USC 1452**

RE: Jason P Brand V Wells Fargo Bank, N.A. et al – Bronx County Supreme Court – Index # 32851/2018E

April 16, 2019


Dear Honorable Scarcella, U.S.B.C.J. / EDNY District Court Clerk -

I come before your honor as a represented party as to the filling of the Petition, however due to financial hardship and restraints I am acting Pro Se in various actions, as such in this action I bring this motion before this court.

The Plaintiff in this petition - acting as a Pro Se party in the NYS Supreme Court, Bronx County action in which I bring this notice / Application to remove such action before this court subject to this Bankruptcy Action pursuit to 28 USC 157 subsection 2 (A), (B), (C) and (L), (O).

The Plaintiff claims that the bankruptcy action cannot not be fairly and fully resolved without first resolving the underlining complaint in which such facts will directly affect the rights of the Debtor as well as the creditors in any confirmation of any such plan.

The action in which the Plaintiff is bringing such notice to remove such action to this court argues and will prove to this court that the Foreclosure action brought by the Creditor "Wells Fargo Home Mortgage Assn. N.A. "aka" Wells Fargo Bank, here-as "Wells" was commenced in violation of State Law, and in contempt of an Court Order, in order to gain an unfair, inequitable advantage over the Debtor. The foreclosure action was commenced to be unjustly enriched, through common law fraud, in violation of the FCRA, FHA and now the Creditor "Wells" is representing to this court that the proposed Plan doesn't take their interests into account.

These permeant facts must be properly heard and resolved before any plan, let alone any foreclosure of the Debtors property is allowed to proceed. The Debtor is before this court due to an extreme hardship that has arisen, yet the debtor cannot be held accountable for debts in which he legally is not responsible for. Therefore, the debtor respectfully asks this court to grant the attached notice and application to remove this action to this court in an effort to properly resolve all claims this Chapter 13 action in the most efficient and fair matter possible.

Sincerely,

Jason Brand

1

9011 and contain a short and plain statement of the facts which entitle the party filing the notice to remove, contain a statement that upon removal of the claim or cause of action, the party filing the notice does or does not consent to entry of final orders or judgment by the bankruptcy court, and be accompanied by a copy of all process and pleadings.

(2) *Time for Filing; Civil Action Initiated Before Commencement of the Case Under the Code.* If the claim or cause of action in a civil action is pending when a case under the Code is commenced, a notice of removal may be filed only within the longest of (A) 90 days after the order for relief in the case under the Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under §362 of the Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.

(3) *Time for filing; civil action initiated after commencement of the case under the Code.* If a claim or cause of action is asserted in another court after the commencement of a case under the Code, a notice of removal may be filed with the clerk only within the shorter of (A) 30 days after receipt, through service or otherwise, of a copy of the initial pleading setting forth the claim or cause of action sought to be removed, or (B) 30 days after receipt of the summons if the initial pleading has been filed with the court but not served with the summons.

(b) NOTICE. Promptly after filing the notice of removal, the party filing the notice shall serve a copy of it on all parties to the removed claim or cause of action.

(c) FILING IN NON-BANKRUPTCY COURT. Promptly after filing the notice of removal, the party filing the notice shall file a copy of it with the clerk of the court from which the claim or cause of action is removed. Removal of the claim or cause of action is effected on such filing of a copy of the notice of removal. The parties shall proceed no further in that court unless and until the claim or cause of action is remanded.

(d) REMAND. A motion for remand of the removed claim or cause of action shall be governed by Rule 9014 and served on the parties to the removed claim or cause of action.

(e) PROCEDURE AFTER REMOVAL.

(1) After removal of a claim or cause of action to a district court the district court or, if the case under the Code has been referred to a bankruptcy judge of the district, the bankruptcy judge, may issue all necessary orders and process to bring before it all proper parties whether served by process issued by the court from which the claim or cause of action was removed or otherwise.

(2) The district court or, if the case under the Code has been referred to a bankruptcy judge of the district, the bankruptcy judge, may require the party filing the notice of removal to file with the clerk copies of all records and proceedings relating to the claim or cause of action in the court from which the claim or cause of action was removed.

(3) Any party who has filed a pleading in connection with the removed claim or cause of action, other than the party filing the notice of removal, shall file a statement that the party

does or does not consent to entry of final orders or judgment by the bankruptcy court. A statement required by this paragraph shall be signed pursuant to Rule 9011 and shall be filed not later than 14 days after the filing of the notice of removal. Any party who files a statement pursuant to this paragraph shall mail a copy to every other party to the removed claim or cause of action.

(f) PROCESS AFTER REMOVAL. If one or more of the defendants has not been served with process, the service has not been perfected prior to removal, or the process served proves to be defective, such process or service may be completed or new process issued pursuant to Part VII of these rules. This subdivision shall not deprive any defendant on whom process is served after removal of the defendant's right to move to remand the case.

(g) APPLICABILITY OF PART VII. The rules of Part VII apply to a claim or cause of action removed to a district court from a federal or state court and govern procedure after removal. Repleading is not necessary unless the court so orders. In a removed action in which the defendant has not answered, the defendant shall answer or present the other defenses or objections available under the rules of Part VII within 21 days following the receipt through service or otherwise of a copy of the initial pleading setting forth the claim for relief on which the action or proceeding is based, or within 21 days following the service of summons on such initial pleading, or within seven days following the filing of the notice of removal, whichever period is longest.

(h) RECORD SUPPLIED. When a party is entitled to copies of the records and proceedings in any civil action or proceeding in a federal or a state court, to be used in the removed civil action or proceeding, and the clerk of the federal or state court, on demand accompanied by payment or tender of the lawful fees, fails to deliver certified copies, the court may, on affidavit reciting the facts, direct such record to be supplied by affidavit or otherwise. Thereupon the proceedings, trial and judgment may be had in the court, and all process awarded, as if certified copies had been filed.

(i) ATTACHMENT OR SEQUESTRATION; SECURITIES. When a claim or cause of action is removed to a district court, any attachment or sequestration of property in the court from which the claim or cause of action was removed shall hold the property to answer the final judgment or decree in the same manner as the property would have been held to answer final judgment or decree had it been rendered by the court from which the claim or cause of action was removed. All bonds, undertakings, or security given by either party to the claim or cause of action prior to its removal shall remain valid and effectual notwithstanding such removal. All injunctions issued, orders entered and other proceedings had prior to removal shall remain in full force and effect until dissolved or modified by the court.

(As amended Mar. 30, 1987, eff. Aug. 1, 1987; Apr. 30, 1991, eff. Aug. 1, 1991; Apr. 29, 2002, eff. Dec. 1, 2002; Mar. 26, 2009, eff. Dec. 1, 2009; Apr. 28, 2016, eff. Dec. 1, 2016.)

**Rule 9028. Disability of a Judge**

Rule 63 F.R.Civ.P. applies in cases under the Code.

(As amended Mar. 30, 1987, eff. Aug. 1, 1987.)

FILED: BRONX COUNTY CLERK 04/15/2019 10:05 PM    INDEX NO. 32851/2018E

NYSCEF Database: nyeb_live9    https://ecf.nyeb.uscourts.gov/cgi-bin/NoticeOfFiling.pl?467229

United States Bankruptcy Court
Eastern District of New York

## Notice of Bankruptcy Case Filing

A bankruptcy case concerning the debtor(s) listed
below was filed under Chapter 13 of the United
States Bankruptcy Code, entered on 03/05/2019 at
10:49 AM and filed on 03/05/2019.

**Jason Brand**
23 Barrington Place
Melville, NY 11747
SSN / ITIN: xxx-xx-9688



The case was filed by the debtor's attorney:

**Darren Aronow**
Aronow Law Firm P.C.
20 Crossways Park Drive North
Suite 210
Woodbury, NY 11797
516-762-6700

The case was assigned case number 8-19-71605.

In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions
against the debtor and the debtor's property. Under certain circumstances, the stay may be limited to 30
days or not exist at all, although the debtor can request the court to extend or impose a stay. If you attempt
to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized. Consult a
lawyer to determine your rights in this case.

If you would like to view the bankruptcy petition and other documents filed by the debtor, they are
available at our *Internet* home page https://ecf.nyeb.uscourts.gov/ or at the Clerk's Office, 290 Federal
Plaza, Central Islip, NY 11722.

You may be a creditor of the debtor. If so, you will receive an additional notice from the court setting forth
important deadlines.

**Robert A. Gavin, Jr.**
**Clerk, U.S. Bankruptcy**

FILED: BRONX COUNTY CLERK 04/16/2019 06:11 PM
NYSCEF DOC. NO. 50

INDEX NO. 32851/2018E
RECEIVED NYSCEF: 04/16/2019

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

-----------------------------------------------------------------X

JASON P BRAND                                                    Index No.: 32851/2018E

                            Plaintiff,

            -against-                                            NOTICE OF REMOVAL TO
                                                                BANKRUPTCY COURT - 28
WELLS FARGO BANK, N.A. ET AL,                                   U.S.C. § 1452(a)

                            Defendants.

-----------------------------------------------------------------X

STATE OF NEW YORK     )
                      ) ss:
COUNTY OF SUFFOLK     )

The above action is material to the Bankruptcy petition commenced by the Plaintiff on March 5, 2019 and thus as of such date this action is subject to the automatic stay under Fed R 11 U.S.C. § 362(a) of the Federal Bankruptcy Code

Where there is a basis for bankruptcy jurisdiction in federal court, federal law also permits parties to a state court action to remove the state court action to the federal district court for the district in which the state court action is pending. See 28 U.S.C. § 1452(a).

Per the automatic stay imposed by the Bankruptcy Court, the automatic stay does not apply to removing a case to the bankruptcy court where the bankruptcy case is pending, nor to other proceedings in that court, including continuation of the removed action. See - "Cashco Inc., No. 18-11968-j7 (Bankr. D.N.M. December 12, 2018).

Therefore, upon such notice hereto together with the proof of such bankruptcy filling uploaded and filled with this court, the Plaintiff moves this court and the parties to this action to remove this case to the United States District Court for the Eastern District of New York as well as withdraw any fillings, judgements, and or notices which would be in violation of the automatic stay imposed under the Bankruptcy Automatic Stay effective March 5th, 2019.

As a note, this action as well as the Defendant to this action had been noticed as to the filling of the bankruptcy and was fully aware of such bankruptcy filing as they are a listed Creditor to the Bankruptcy Action and has filled such appearance in the Eastern District Action. thus, any filling on their behalf having known that such automatic stay was

1

FILED: BRONX COUNTY CLERK 04/16/2019 06:11 PM
NYSCEF DOC. NO. 50

INDEX NO. 32851/2018E

RECEIVED NYSCEF: 04/16/2019

indeed in place is in violation of the Bankruptcy's automatic stay and is therefore subject to sanctions as determined by the bankruptcy court.

Therefore, I respectfully request that the above case be stayed as of March 5th, 2019, and this action be removed from this State Supreme Court to the United States District Court, Eastern District Bankruptcy Court under filling number 8-19-71605, as of this filling hereto.

Dated: April 16, 2019
Melville, New York

XX JASON BRAND XX
JASON BRAND, PRO SE. (PLAINTIFF)

2



**Joseph S. Jacobs**
Direct Phone: +1 212 549 0272
Email: jjacobs@reedsmith.com

Reed Smith LLP
599 Lexington Avenue
New York, NY 10022-7650
Tel +1 212 521 5400
Fax +1 212 521 5450
reedsmith.com

April 17, 2019

<u>**VIA N.Y.S.C.E.F.**</u>

Hon. Norma Ruiz, J.S.C.
Bronx County Supreme Court
851 Grand Course, No. 111
Bronx, NY 10451

Re:     <u>***Jason P. Brand v. Wells Fargo Bank, N.A., et al.***</u>; <u>**Index No. 32851/2018E**</u>

Dear Judge Ruiz:

This office represents the Wells Fargo defendants ("Defendants") in this action. We are in receipt of the Notice of Removal to Bankruptcy Court filed by plaintiff Jason Brand ("Plaintiff") purporting to advise that this matter has been stayed pursuant to 11 U.S.C. § 362(a) as of March 5, 2019.

We write to advise Your Honor that Plaintiff is incorrect, as the automatic stay contemplated by 11 U.S.C. § 362(a) ("Section 362") is not applicable to this action. Specifically, Section 362 only "operates as a stay, applicable to all entities," of the following categories of actions:

> (1) The commencement or continuation . . . of a judicial . . . or other action or proceeding *against the debtor* . . . .
>
> (2) The enforcement, *against the debtor or against the property* of the estate, of a judgment obtained before the commencement of the case under this title;
>
> (3) Any act *to obtain possession of the property* of the estate or of property from the estate or to exercise control over property of the estate;
>
> (4) Any act to create, perfect, or enforce any lien *against property* of the estate;
>
> (5) Any act to create, perfect, or enforce *against property of the debtor* any lien . . . .;
>
> (6) Any act to collect, assess, or recover a *claim against the debtor* . . .;

Hon. Norma Ruiz, J.S.C.
April 17, 2019
Page 2

**ReedSmith**

(7) The setoff of any debt owing to the debtor that arose before the commencement of the case . . . .;

(8) The commencement or continuation of *a proceeding before the United States Tax Court concerning a tax liability of a debtor that is a corporation . . . .*

*See* 11 U.S.C. §§ 362(a)(1)-(a)(8) (emphasis added).

Here, Plaintiff's complaint alleges the following causes of action against Defendants: (1) violation of Bronx County Order of attachment, (2) unjust enrichment, (3) fraud, (4) depreciation of property value, (5) violation of the Fair Credit Reporting Act, (6) entitlement to injunctive relief, and (7) unclean hands. *See* Plaintiff's Complaint.

Defendants have not asserted any counterclaims *against* Plaintiff in this action.

Accordingly, there are no claims whatsoever against the debtor or the debtor's property being raised herein, so 11 U.S.C. § 362 is inapplicable to this action, and no stay applies.

Thank you for your attention to this matter.

Very truly yours,

Joseph S. Jacobs

JSJ:ao
cc:    Jason P. Brand (via N.Y.S.C.E.F. and regular mail)
       23 Barrington Place
       Melville, NY 11747
       *Plaintiff Pro Se*



# NYSCEF - Bronx County Supreme Court
# Confirmation Notice



This is an automated response for Supreme Court cases. The NYSCEF site has received your electronically filed documents for the following case.

### 32851/2018E

### jason p brand v. wells fargo Bank N.A. et al

### Assigned Judge: Norma Ruiz

## Documents Received on  04/17/2019 05:46 PM

| Doc # | Document Type | Motion # |
|---|---|---|
| 52 | LETTER / CORRESPONDENCE TO JUDGE | 002 |
| | Does not contain an SSN or CPI as defined in 202.5(e) or 206.5(e) | |

## Filing User

Name:    **Jason P Brand**
Phone #:                                    E-mail Address:    **jasonb8293@me.com**
Fax #:                                         Work Address:    **23 Barrington Pl**
                                                                              **Melville, NY 11747**

## E-mail Notifications

An e-mail notification regarding this filing has been sent to the following address(es) on 04/17/2019 05:46 PM:

**JACOBS, JOSEPH STOTT - jjacobs@reedsmith.com**

**brand, jason P - jasonb8293@me.com**

**NOTE: If submitting a working copy of this filing to the court, you must include as a notification page firmly affixed thereto a copy of this Confirmation Notice.**

Hon. Luis M. Diaz, Bronx County Clerk
Phone: 718-590-8122 (fax)    Website: http://www.bronxcountyclerkinfo.com/law

**NYSCEF Resource Center - EFile@nycourts.gov**
**Phone:** (646) 386-3033    **Fax:** (212) 401-9146    **Website:** www.nycourts.gov/efile

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-----------------------------------------------------------------------X
JASON P BRAND                                          Index No.:  32851/2018E

                                        Plaintiff,

                     -against-

WELLS FARGO BANK, N.A. ET AL,

                                        Defendants.
-----------------------------------------------------------------------X

STATE OF NEW YORK      )
                       ) ss:
COUNTY OF SUFFOLK      )


**Your honor,**

In all due respect, the defendant is incorrect in his letter to this court. I have filled a notice of bankruptcy Filling Dated March 5th, 2019, the notice issued by the United States Bankruptcy Court is very clear as to stating that all actions are stayed subject to the BANKRUPTCY CODE, and that if an attempt to collect a debt or take any other action which is in violation of the Bankruptcy code, you may be penalized.

Section 362 of the US Code – places a stay against any proceeding involving the debtor's assets, as here in this action The Plaintiff has alleged in his complaint that the defendant violated an Attachment Order and a TRO knowingly and filled another action in Suffolk County to foreclose on a property in which they were barred from doing according to the attachment and TRO

Keep in mind that the order of attachment and TRO clearly states  how a creditor such as the defendant may seek relief. The Order(s) state that the court appoints the sheriff to maintain all property of "Brand" during the pendency of that action. The Orders also had an additional clause that stated: Shall an creditor wishing to enforce their rights, they shall bring a motion to this court, with notice to the parties to include: the sheriff, and the claiming agent, and the plaintiff.

The defendant took none of the actions set forth in the orders of this court to seek equitable relief. Instead they knowingly forum shopped and brought a foreclosure action against the "attached" property in violation of this court's orders, when these orders were in full effect.

1

Your honor has previously stated in this action that the Plaintiff must file this action under Hon. Guzman, as the original case brought under your honor was transferred to her. The Plaintiff, (I) have explained to this court, that he does not decide how the cases get assigned and to which justice gets selected. The Plaintiff had stated that, dismissing the case due to the case being assigned to your honor was not fair and just.

Your honor's latest ruling which was issued after the Bankruptcy's automatic Stay dated March 5th, 2019, stated that Plaintiff did not oppose the Plaintiff's motion to dismiss. That is clearly wrong as both the Plaintiff and Defendant are bound by the bankruptcy courts Automatic Stay provisions. No party has brought any motion to lift such stay to proceed in this action.  The defendant was noticed in the bankruptcy filing, and the defendant had appeared on record in the bankruptcy action. The defendant is the only current party in the bankruptcy action that has objected under the proposed Chapter 13 repayment plan.

**The Foreclosure action initiated in Suffolk County was brought with "unclean Hands" in violation of this court's orders.**  The Bankruptcy action is designed to **"Perfect" and enforce the proper lien(s) against the Plaintiff's property** as well as to himself. This action is completely applicable to the Bankruptcy proceeding, and as a matter of law has become under the jurisdiction of the US Bankruptcy Court.

Please note: A stipulation was filled in the action involving the "attachment order" and the "TRO was discontinued between the Plaintiff / Defendant in that action. The plaintiff / Claiming Agent in that action had agreed to return all "attached" property back to "Brand".

Yet, **this is impossible, as the defendant in this action violated the orders when they were indeed in full effect!** Now, per the stipulation "Brand" cannot be made whole as a result of the defendants' actions, in which they had full knowledge they were in violation of such. The Plaintiff has been issued a judgement of foreclosure when he in fact stipulated/agreed with the claiming agent that his property shall be returned to him in the same equitable / marketable position as when this court had granted the pre-judgement order of attachment of his assets. This court in which had original jurisdiction over the parties, and jurisdiction over the property in which this action was brought by the Plaintiff to remedy his rights.

Not only does this violate this courts orders, it violates public policy/Constitution. The taking of property and/or the control of such pre-judgement is a violation Due Process, yet if the court ordered a remedy to maintain such property pending the outcome of the underlining action, I thought was the courts method of somewhat remedying this violation. Yet, if the court does nothing at all when the property is stipulated to be returned to the rightful owner, the Plaintiff in this action will suffers irreparable harm that cannot later be remedied. The property must be returned back to its rightful owner with the same equitable interest / ownership as when such property was taken from the Plaintiff's control. This is what your honor had stated in your orders, as such shall not

2

later be deviated from, as this is unequitable, unfair, and against Public policy let alone unconstitutional.

Here the defendant asks this court to simply disregard the fact that they violated the courts orders, and now they should be rewarded for their actions. The defendant is also stating that this court should disregard the US Bankruptcy law, and that the stay does not apply to this action? The Bankruptcy Court shall decide what rights the parties shall have, not the defendant. The automatic stay doesn't discriminate, this action applies.

The orders issued by this court were served upon the Plaintiff's creditors and the Plaintiff himself / or his counsel in that matter. The orders were enforced against "brand" and therefore as a pre-judgement remedy in which was discontinued. The defendant must be held in contempt of the orders in which they were equally bound by. The defendant was never prejudiced in any way, as the courts ordered the sheriff to maintain the property and pay all debts, answer any claims, and prevent any judgements be taken against the attached property. The defendant always had an equitable and fair remedy at its disposal. Had the defendant disagreed, all they had to do was bring a motion to this court, and the court would have guided the parties in which it had jurisdiction over.

This court took jurisdiction over the property and that of the Plaintiff and Defendant in this Bronx Court, per your honor's order(s). This court was responsible for enforcing their own orders. Suffolk County was supplied with this court's orders, and the justice in Suffolk County issued a Judgement of foreclosure.

Now that the Plaintiff in this action has filled bankruptcy it's up to the Court Appointed Trustee and the Bankruptcy Judge to determine the rights of the creditors and that of the debtor. This action, as well as all other pending actions to which the Plaintiff in this action a Plaintiff/defendant is have been properly stayed and/or removed to the Bankruptcy Court. This action is a CORE proceeding under the US Bankruptcy Code, and it is in the pursuit of justice that such action be stayed effective the Petition date and removed from this court to the Bankruptcy Court.

Further litigation, and/or communication with this court could possibly be deemed an violation of the Bankruptcy Automatic Stay and therefore, I must abstain from all future communication until further order of the Bankruptcy Court.

Sincerely,

*Jason Brand, Pro Se*

Dated: April 17, 2019                    XX JASON BRAND XX
Melville, New York                       JASON BRAND, PRO SE. (PLAINTIFF)

3

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-----------------------------------------------------------------------X
JASON P BRAND                                    Index No.:  32851/2018E

                     Plaintiff,

       -against-

WELLS FARGO BANK, N.A. ET AL,

                  Defendants.
-----------------------------------------------------------------------X

STATE OF NEW YORK   )
                   ) ss:
COUNTY OF SUFFOLK  )

**Your honor,**

In all due respect, the defendant is incorrect in his letter to this court. I have filed a notice of bankruptcy Filling Dated March 5th, 2019, the notice issued by the United States Bankruptcy Court is very clear as to stating that all actions are stayed subject to the BANKRUPTCY CODE, and that if an attempt to collect a debt or take any other action which is in violation of the Bankruptcy code, you may be penalized.

Section 362 of the US Code – places a stay against any proceeding involving the debtor's assets, as here in this action The Plaintiff has alleged in his complaint that the defendant violated an Attachment Order and a TRO knowingly and filled another action in Suffolk County to foreclose on a property in which they were barred from doing according to the attachment and TRO

Keep in mind that the order of attachment and TRO clearly states  how a creditor such as the defendant may seek relief. The Order(s) state that the court appoints the sheriff to maintain all property of "Brand" during the pendency of that action. The Orders also had an additional clause that stated: Shall an creditor wishing to enforce their rights, they shall bring a motion to this court, with notice to the parties to include: the sheriff, and the claiming agent, and the plaintiff.

The defendant took none of the actions set forth in the orders of this court to seek equitable relief. Instead they knowingly forum shopped and brought a foreclosure action against the "attached" property in violation of this court's orders, when these orders were in full effect.

Your honor has previously stated in this action that the Plaintiff must file this action under Hon. Guzman, as the original case brought under your honor was transferred to her. The Plaintiff, (I) have explained to this court, that he does not decide how the cases get assigned and to which justice gets selected. The Plaintiff had stated that, dismissing the case due to the case being assigned to your honor was not fair and just.

Your honor's latest ruling which was issued after the Bankruptcy's automatic Stay dated March 5th, 2019, stated that Plaintiff did not oppose the Plaintiff's motion to dismiss. That is clearly wrong as both the Plaintiff and Defendant are bound by the bankruptcy courts Automatic Stay provisions. No party has brought any motion to lift such stay to proceed in this action. The defendant was noticed in the bankruptcy filing, and the defendant had appeared on record in the bankruptcy action. The defendant is the only current party in the bankruptcy action that has objected under the proposed Chapter 13 repayment plan.

**The Foreclosure action initiated in Suffolk County was brought with "unclean Hands" in violation of this court's orders.** The Bankruptcy action is designed to **"Perfect" and enforce the proper lien(s) against the Plaintiff's property** as well as to himself. This action is completely applicable to the Bankruptcy proceeding, and as a matter of law has become under the jurisdiction of the US Bankruptcy Court.

Please note: A stipulation was filled in the action involving the "attachment order" and the "TRO was discontinued between the Plaintiff / Defendant in that action. The plaintiff / Claiming Agent in that action had agreed to return all "attached" property back to "Brand".

Yet, **this is impossible, as the defendant in this action violated the orders when they were indeed in full effect!** Now, per the stipulation "Brand" cannot be made whole as a result of the defendants' actions, in which they had full knowledge they were in violation of such. The Plaintiff has been issued a judgement of foreclosure when he in fact stipulated/agreed with the claiming agent that his property shall be returned to him in the same equitable / marketable position as when this court had granted the pre-judgement order of attachment of his assets. This court in which had original jurisdiction over the parties, and jurisdiction over the property in which this action was brought by the Plaintiff to remedy his rights.

Not only does this violate this courts orders, it violates public policy/Constitution. The taking of property and/or the control of such pre-judgement is a violation Due Process, yet if the court ordered a remedy to maintain such property pending the outcome of the underlining action, I thought was the courts method of somewhat remedying this violation. Yet, if the court does nothing at all when the property is stipulated to be returned to the rightful owner, the Plaintiff in this action will suffers irreparable harm that cannot later be remedied. The property must be returned back to its rightful owner with the same equitable interest / ownership as when such property was taken from the Plaintiff's control. This is what your honor had stated in your orders, as such shall not

later be deviated from, as this is unequitable, unfair, and against Public policy let alone unconstitutional.

Here the defendant asks this court to simply disregard the fact that they violated the courts orders, and now they should be rewarded for their actions. The defendant is also stating that this court should disregard the US Bankruptcy law, and that the stay does not apply to this action? The Bankruptcy Court shall decide what rights the parties shall have, not the defendant. The automatic stay doesn't discriminate, this action applies.

The orders issued by this court were served upon the Plaintiff's creditors and the Plaintiff himself / or his counsel in that matter. The orders were enforced against "brand" and therefore as a pre-judgement remedy in which was discontinued. The defendant must be held in contempt of the orders in which they were equally bound by. The defendant was never prejudiced in any way, as the courts ordered the sheriff to maintain the property and pay all debts, answer any claims, and prevent any judgements to be taken against the attached property. The defendant always had an equitable and fair remedy at its disposal. Had the defendant disagreed, all they had to do was bring a motion to this court, and the court would have guided the parties in which it had jurisdiction over.

This court took jurisdiction over the property and that of the Plaintiff and Defendant in this Bronx Court, per your honor's order(s). This court was responsible for enforcing their own orders. Suffolk County was supplied with this court's orders, and the justice in Suffolk County issued a Judgement of foreclosure.

Now that the Plaintiff in this action has filled bankruptcy it's up to the Court Appointed Trustee and the Bankruptcy Judge to determine the rights of the creditors and that of the debtor. This action, as well as all other pending actions to which the Plaintiff in this action a Plaintiff/defendant is have been properly stayed and/or removed to the Bankruptcy Court. This action is a CORE proceeding under the US Bankruptcy Code, and it is in the pursuit of justice that such action be stayed effective the Petition date and removed from this court to the Bankruptcy Court.

Further litigation, and/or communication with this court could possibly be deemed an violation of the Bankruptcy Automatic Stay and therefore, I must abstain from all future communication until further order of the Bankruptcy Court.

Sincerely,

*Jason Brand, Pro Se*

Dated: April 17, 2019              XX JASON BRAND XX
Melville, New York                 JASON BRAND, PRO SE. (PLAINTIFF)

3



NYSCEF
Bronx County Supreme Court

**Document List**
**Index #  32851/2018E**

Created on:04/17/2019 05:48 PM

Case Caption:  **jason p brand v. wells fargo Bank N.A. et al**
Judge Name:  **Norma Ruiz**

| Doc# | Document Type/Information | Status | Date Received | Filed By |
|---|---|---|---|---|
| 1 | SUMMONS - *Corrected* | Processed | 11/09/2018 | Brand, J. (Pro Hac / Pro Se) |
| 2 | COMPLAINT - *Corrected* | Processed | 11/09/2018 | Brand, J. (Pro Hac / Pro Se) |
| 3 | RJI -RE: ORDER TO SHOW CAUSE - *Corrected* | Processed | 11/09/2018 | Brand, J. (Pro Hac / Pro Se) |
| 4 | ORDER TO SHOW CAUSE ( PROPOSED ) - *Corrected* | Processed | 11/09/2018 | Brand, J. (Pro Hac / Pro Se) |
| 5 | AFFIDAVIT OR AFFIRMATION IN SUPPORT OF PROPOSED OSC/EXPARTE APP - *Corrected* | Processed | 11/09/2018 | Brand, J. (Pro Hac / Pro Se) |
| 6 | EXHIBIT(S)<br>Suffolk Co filling answer - Re: violation of TRO Bronx | Processed | 11/09/2018 | Brand, J. (Pro Hac / Pro Se) |
| 7 | | Error | | |
| 8 | | Error | | |
| 9 | | Error | | |
| 10 | | Error | | |
| 11 | | Error | | |
| 12 | EXHIBIT(S)<br>motion in suffolk co, re ordersin bronx | Processed | 11/09/2018 | Brand, J. (Pro Hac / Pro Se) |
| 13 | EXHIBIT(S)<br>1st motion to dismiss suffolk supreme | Processed | 11/09/2018 | Brand, J. (Pro Hac / Pro Se) |
| 14 | EXHIBIT(S)<br>judgement of foreclosure and sale | Processed | 11/09/2018 | Brand, J. (Pro Hac / Pro Se) |
| 15 | EXHIBIT(S)<br>second motion to dismiss | Processed | 11/09/2018 | Brand, J. (Pro Hac / Pro Se) |
| 16 | EXHIBIT(S)<br>rji suffolk | Processed | 11/09/2018 | Brand, J. (Pro Hac / Pro Se) |
| 17 | EXHIBIT(S)<br>bronx tro | Processed | 11/09/2018 | Brand, J. (Pro Hac / Pro Se) |
| 18 | EXHIBIT(S)<br>attachment order schedule | Processed | 11/09/2018 | Brand, J. (Pro Hac / Pro Se) |
| 19 | EXHIBIT(S)<br>letter from def. legal  confirming attachment | Processed | 11/09/2018 | Brand, J. (Pro Hac / Pro Se) |
| 20 | AFFIRMATION/AFFIDAVIT OF SERVICE | Processed | 11/15/2018 | Brand, J. (Pro Hac / Pro Se) |
| 21 | AFFIRMATION/AFFIDAVIT OF SERVICE<br>Service of Proposed Order, affidavit | Processed | 11/15/2018 | Brand, J. (Pro Hac / Pro Se) |
| 22 | NOTICE OF APPEARANCE (POST RJI)<br>Notice of Appearance | Processed | 11/27/2018 | Jacobs, J. |



NYSCEF
Bronx County Supreme Court

**Document List**
**Index #  32851/2018E**

Created on:04/17/2019 05:48 PM

| Doc# | Document Type/Information | Status | Date Received | Filed By |
|------|---------------------------|--------|---------------|----------|
| 23 | AFFIRMATION/AFFIDAVIT OF SERVICE<br>Affirmation of Service | Processed | 11/27/2018 | Jacobs, J. |
| 24 | STIPULATION - OTHER<br>Stipulation to Extend Defendants' Time to Respond to Complaint | Processed | 11/29/2018 | Jacobs, J. |
| 25 | EXHIBIT(S)<br>Judge of Foreclosure sale Suff Co/ OSC needed urgently | Processed | 11/30/2018 | Brand, J. (Pro Hac / Pro Se) |
| 26 | ORDER TO SHOW CAUSE<br>SHORT FORM ORDER & ORDER TO SHOW CAUSE DECLINE TO SIGN DATED 1/10/2019 | Processed | 01/14/2019 | Court User |
| 27 | NOTICE OF MOTION<br>Notice of Motion to Dismiss the Complaint Pursuant to CPLR 3211(a)(5) and (a)(7) | Processed | 01/17/2019 | Jacobs, J. |
| 28 | AFFIDAVIT OR AFFIRMATION IN SUPPORT OF MOTION<br>Affirmation of Joseph S. Jacobs In Support of Motion to Dismiss Complaint With Prejudice | Processed | 01/17/2019 | Jacobs, J. |
| 29 | EXHIBIT(S)<br>Summons and Complaint (Foreclosure Action) | Processed | 01/17/2019 | Jacobs, J. |
| 30 | EXHIBIT(S)<br>Verified Answer and Amended Answer (Foreclosure Action) | Processed | 01/17/2019 | Jacobs, J. |
| 31 | EXHIBIT(S)<br>Motion for Summary Judgment (Foreclosure Action) | Processed | 01/17/2019 | Jacobs, J. |
| 32 | EXHIBIT(S)<br>Cross-Motion to Dismiss (Foreclosure Action) | Processed | 01/17/2019 | Jacobs, J. |
| 33 | EXHIBIT(S)<br>June 23, 2017 Orders (Foreclosure Action) | Processed | 01/17/2019 | Jacobs, J. |
| 34 | EXHIBIT(S)<br>NYSCEF eFiled Documents Detail (Foreclosure Action) | Processed | 01/17/2019 | Jacobs, J. |
| 35 | EXHIBIT(S)<br>Motion for Judgment of Foreclosure and Sale (Foreclosure Action) | Processed | 01/17/2019 | Jacobs, J. |
| 36 | EXHIBIT(S)<br>Judgment of Foreclosure and Sale (Foreclosure Action) | Processed | 01/17/2019 | Jacobs, J. |
| 37 | EXHIBIT(S)<br>Notice of Entry of JFS (Foreclosure Action) | Processed | 01/17/2019 | Jacobs, J. |
| 38 | EXHIBIT(S)<br>Summons and Complaint (Instant Action) | Processed | 01/17/2019 | Jacobs, J. |
| 39 | EXHIBIT(S)<br>Order Denying OSC Seeking TRO (Instant Action) | Processed | 01/17/2019 | Jacobs, J. |
| 40 | MEMORANDUM OF LAW IN SUPPORT<br>Memorandum of Law In Support of Motion To Dismiss Complaint With Prejudice | Processed | 01/17/2019 | Jacobs, J. |
| 41 | ORDER ( PROPOSED )<br>Proposed Order Granting Motion To Dismiss Complaint Pursuant to CPLR 3211(a)(5) AND (a)(7) | Processed | 01/17/2019 | Jacobs, J. |
| 42 | AFFIRMATION/AFFIDAVIT OF SERVICE<br>Affirmation of Service | Processed | 01/17/2019 | Jacobs, J. |
| 43 | LETTER / CORRESPONDENCE TO JUDGE | Processed | 01/18/2019 | Brand, J. (Pro Hac / Pro Se) |



| NYSCEF | | **Document List** | | |
|--------|--|------------------|--|--|
| Bronx County Supreme Court | | **Index #  32851/2018E** | Created on:04/17/2019 05:48 PM | |

| Doc# | Document Type/Information | Status | Date Received | Filed By |
|------|--------------------------|--------|---------------|----------|
| 44 | AFFIRMATION/AFFIDAVIT OF SERVICE | Processed | 01/18/2019 | Brand, J. (Pro Hac / Pro Se) |
| 45 | ORDER ( PROPOSED ) | Processed | 01/18/2019 | Brand, J. (Pro Hac / Pro Se) |
| 46 | DECISION + ORDER ON MOTION<br>SHORT FORM ORDER DATED 3/28/2019 | Processed | 04/11/2019 | Court User |
| 47 | NOTICE OF ENTRY<br>Notice of Entry With Order | Processed | 04/12/2019 | Jacobs, J. |
| 48 | AFFIRMATION/AFFIDAVIT OF SERVICE<br>Affirmation of Service | Processed | 04/12/2019 | Jacobs, J. |
| 49 | NOTICE OF BANKRUPTCY (POST RJI)<br>Pls note date of filling and automatic stay , pls vacate judgement | Processed | 04/15/2019 | Brand, J. (Pro Hac / Pro Se) |
| 50 | NOTICE OF BANKRUPTCY (POST RJI)<br>notice of removal | Processed | 04/16/2019 | Brand, J. (Pro Hac / Pro Se) |
| 51 | LETTER / CORRESPONDENCE TO JUDGE<br>Letter to Judge Ruiz | Processed | 04/17/2019 | Jacobs, J. |
| 52 | LETTER / CORRESPONDENCE TO JUDGE | Processed | 04/17/2019 | Brand, J. (Pro Hac / Pro Se) |

FILED: BRONX COUNTY CLERK 11/06/2018 04:18 PM

NYSCEF DOC. NO. 1

INDEX NO. 32851/2018E

RECEIVED NYSCEF: 11/09/2018

**SUPREME COURT OF NEW YORK**
**COUNTY OF BRONX**

JASON P BRAND

          Plaintiff(s);

  -Against-

WELLS FARGO BANK, NA,
WELLS FARGO HOME MORTGAGE

        Defendant(s);

**SUMMONS**

Index #: _____

**To the above-named Defendant(s)**
**WELLS FARGO BANK NA, AKA**
**WELLS FARGO HOME MORTGAGE**

You are hereby summoned to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiffs attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

The basis of venue is based upon personal jurisdiction of the Plaintiff and the Defendant as confirmed by the orders issued in the action in this court under: Index No.: 251437/2014.

Dated: MELVILLE, NEW YORK

NOVEMBER 6, 2018

by

JASON P BRAND (PRO SE)
23 BARRINGTON PL.
MELVILLE, NY 11747
516-680-6262

FILED: BRONX COUNTY CLERK 11/06/2018 04:18 PM

NYSCEF DOC. NO. 2

INDEX NO. 32851/2018E

RECEIVED NYSCEF: 11/09/2018

**SUPREME COURT IN THE STATE OF NEW YORK**
**COUNTY OF THE BRONX**

-----------------------------------------------------------X

**JASON P BRAND**

Plaintiff(s),                                          :

                                                      ;    **INDEX #:**

             -against                                 :

                                                      :    *COMPLAINT*

**WELLS FARGO BANK, N.A**                             :
**WELLS FARGO HOME MORTGAGE.**
             Defendant,                               :

-----------------------------------------------------------X

I, **Jason P Brand** is a lawful New York State resident in which this complaint is brought to

this court to enforce the property rights of the Plaintiff.

The defendant is a National Bank that does significant business in the state of New York

"Wells Fargo Bank, NA" " Wells Fargo Home Mortgage"

**SERVICE OF LEGAL PROCESS**

The defendant shall be served via their Attorney, Shapiro, Dicaro, & Barak, LLC, as

well as through the NYS Department of Financial Services, and to the Defendant

themselves at their home office, and/or to whom they have elected / appointed to act as

their agent for legal service of process. Upon the filling of this complaint together with

the assignment of s index number, this Summons & Complaint together with any

attached Exhibits / moving papers shall be served upon the defendant. An affidavit of

Service shall be e-filled with this court, as required by the Statue,

FILED: BRONX COUNTY CLERK 11/06/2018 04:18 PM

NYSCEF DOC. NO. 2

INDEX NO. 32851/2018E

RECEIVED NYSCEF: 11/09/2018

## FIRST CAUSE OF ACTION

The defendant has illegally attempted to take possession or has taken possession of a property that is subject to legal restraints by this court as issued under Index Number 251437/2014 in which Hon. Guzman is the assigned justice.

## SECOND CAUSE OF ACTION

The defendant has illegally attempted to take possession or has taken possession of a property that is subject to legal restraints by this court as issued under Index Number 251437/2014 in which the defendant has confirmed service and yet has knowingly acted in violation of such orders.

## THIRD CAUSE OF ACTION

The defendant has illegally attempted to take possession or has taken possession of a property that is subject to legal restraints by this court as issued under Index Number 251437/2014 in violation of a NYS Court Ordered Retraining order and Order of Attachment that prohibited any action to be taken against any of the plaintiffs assets without notice to the Bronx County Supreme Court in which required a hearing to be made in which would not be reasonably delayed for any party seeking any rights or remedies under such Supreme Court Orders.

## FORTH CAUSE OF ACTION

Upon the plaintiff learning of such an action being initiated in Suffolk County, NY, The Plaintiff Served all parties and their representatives of the Orders again on the record of the Suffolk County Supreme Court Docket number 612239/2015.

The TRO and Attachment order **prohibits anyone with knowledge of the order** to dissipate, transfer, convey, obtain a judgement against any assets of the Plaintiff without

FILED: BRONX COUNTY CLERK 11/06/2018 04:18 PM

NYSCEF DOC. NO. 2

INDEX NO. 32851/2018E

RECEIVED NYSCEF: 11/09/2018

notice and permission of the Bronx County court.


## FIFTH CAUSE OF ACTION


**Unjust Enrichment/ Fraudulent Transfer** - Upon various conversations and notices

sent to the Defendant that they are continuing to be in violation of such NYS orders, the

defendant is attempting to liquidate the aforesaid property below market value at a

foreclosure sale / auction.

## SIXTH CAUSE OF ACTION

The defendant has caused the aforesaid property to depreciate by the repeated relisting of

the property as a foreclosure sale, in which the Plaintiff had equity in the property if it was

sold at a market price.

FILED: BRONX COUNTY CLERK 11/06/2018 04:18 PM

NYSCEF DOC. NO. 2

INDEX NO. 32851/2018E

RECEIVED NYSCEF: 11/09/2018

## SEVENTH CAUSE OF ACTION

The defendant has proceeded in reporting late and non-payment reports to the credit

bureaus in which the Plaintiff was promised that his assets/property/debts shall be

maintained by this court during the pendency of the TRO and Attachment Orders by the

Sheriff upon notice by the Defendant to this court, in which a hearing would not be

unreasonably delayed.

## RELIEF-

The Plaintiff seeks immediate relief to be granted by this court. This is a clear case in

which a defendant knowingly violated court orders and without this court providing a

restraining order, and/or enforcing its previously issued restraining order.

To Include an Injunction and/or enforcing its previously issued injunction in which the

court had "So Ordered" during the pendency of the Action under the Index Number

0251437/2014, which was later confirmed by this court, in March 2015 in which the

Defendant(s) were placed on notice per the orders of this court by both the claiming

agent, and the Plaintiff in this action in which the Defendant(s) had acknowledged such.

Prohibiting the foreclose of the Plaintiff primary residence, in which an action was

brought in a separate State Supreme Court, without the notice to this court which was

required by this courts orders. Without seeking relief per this courts orders, in which the

Sheriff was appointed to maintain such property during the pendency of the action under

index #: 0251437/2014, therefore by no action by this court to enforce its orders, shall

leave the Plaintiff and his family homeless without the due process of the law.

FILED: BRONX COUNTY CLERK 11/06/2018 04:18 PM

NYSCEF DOC. NO. 2

INDEX NO. 32851/2018E

RECEIVED NYSCEF: 11/09/2018

The court must provide an equitable remedy to immediately prevent unjust harm to the Plaintiff and his family by issuing an Injunction and TRO preventing the defendant from further action to foreclosure on his Primary residence in which this court Froze the Plaintiff's assets pending the resolution of the matter under Index number 0251437/2014, in which has since been settled this year by a Signed stipulation by the claiming agent stating they shall take nothing and return all such assets in which was Frozen under this courts TRO and Attachment orders back to the defendant in that matter, which is the Plaintiff in this matter.

The Plaintiff here has his assets frozen pre-judgement, in which he was unable to maintain the assets in which the court order to be held and maintained by the sheriff, in which the claiming agent had posted a (5 million Dollar?) bond to secure such assets during the pendency of that action.

This asset, or the Plaintiff's primary residence in which the defendant has been in the process of obtaining a judgement against, was the Plaintiff's largest asset. Had the Claiming agent in the Action under index number 0251437/2014 been successful in the forfeiture action under this court. Their largest equitable remedy would have been to take the Plaintiff's equity in his Primary Residence, yet the claiming agent had decided to release the Plaintiff in this action and return his assets that were held pre-judgement, in which a judgement was never obtained.

The Plaintiff is praying that this court place him in a fair and just "equitable position" and returns his property as stipulated. The Defendant(s), had they followed the orders of this court would have been paid as agreed per the courts orders that specifically stated that the

FILED: BRONX COUNTY CLERK 11/06/2018 04:18 PM

NYSCEF DOC. NO. 2

INDEX NO. 32851/2018E

RECEIVED NYSCEF: 11/09/2018

Plaintiff's assets shall be maintained during the pendency of that action. Had they simply brought notice to this court and the sheriff was ordered to do so,

This court in which this court granted the claiming agent in the Action under 0251437/2014

The defendant always had an equitable remedy upon this courts orders in which the Sheriff was tasked with maintaining the Property of the Plaintiff until the conclusion of the Bronx County TRO and Attachment Order Civil action was completed, or in this case discontinued by the Claiming agent, in which it was stipulated that they would not take anything, and promptly return all assets including all property back to the Plaintiff. This property at issue was the largest asset in which the Claiming Agent Attached and which was supposed to be maintained by the Sheriff, had the defendant wished to be paid pending the time in which they had brought an action to foreclose upon this property in violation of an order is which they had received and acknowledged service under.

This court must intervene immediately as the Plaintiff and his family will be permanently harmed without the due process in which they must be afforded. No actions should have been commenced against the Property prior to this court releasing such assets and relieving the Sheriff of their duty to maintain such assets.

Any interest accrued, and or any fees that the defendant asserts is due in which the defendant was tasked with bringing notice to this court, and the sheriff was tasked with maintaining such obligations during the pendency of the action by the Claiming agent, or the State of New York, shall not be asserted against the Plaintiff, as he did not have the right under this

FILED: BRONX COUNTY CLERK 11/06/2018 04:18 PM
NYSCEF DOC. NO. 2

INDEX NO. 32851/2018E
RECEIVED NYSCEF: 11/09/2018

court's orders , or the available funds as this court had restrained such prohibiting the Plaintiff from Maintaining and/or accruing such Interest and/or fees during the pendency of this courts TRO and Attachment Orders .

Any, and all such claims for monetary compensation during the pendency of this courts orders cannot be made against the Plaintiff, as the Plaintiff had been stricken of such rights and obligations under this court.

it's not an equitable remedy to assert such obligations against him now, the defendant must be estopped from such right, as they failed to comply with this court express orders, by no one's fault but the defendants own free will.

Therefore, the plaintiff prays that this court shall enforce the rights or the Plaintiff by issuing an injunction and/or restraining order, preventing the foreclosure / sale of the aforesaid property, and finding that the defendants were in violation of the court orders when commencing this action for foreclosure in the Supreme Court of New York, County of Suffolk and therefore such action should be dismissed  as it was brought  in bad faith while knowingly being in contempt of this courts orders .

Public policy would frown upon the allowance of the defendant to simply forum shop when it was in their best interests while knowingly subjecting the Plaintiff in this case the right to the Due Process of the law. The defendant(s) were never subjected to undue burdens as a result of this courts attachment order, as it allowed the Defendants a simple remedy to continue to receive their obligated payments. The contractual obligation that the Defendant had with the

Plaintiff was simply redirected by this courts order to the Sheriff upon the required notice which I'm sure this court would not unreasonably delayed.

This court through its orders had provided that the Plaintiff during the pendency of the Forfeiture action his rights would be preserved. Thus, if this court does not intervene immediately, the Plaintiff would be left with no remedy at all

In conclusion, the Plaintiff reiterates that his assets were held Pre-Judgement pending the outcome of a civil forfeiture action brought by a Claiming Agent under Index Number 0251437/2014. Under the TRO and Attachment order, it froze all assets including all property in which the Plaintiff had an equitable interest in. The Defendant(s) were served with such orders by both the Claiming Agent and the Plaintiff in this action, in which the Defendant acknowledged receipt and Froze the Bank Accounts of the Plaintiff. The order clearly stated that the Claiming agent has designated the Sheriff to take possession, maintain and/or to answer any actions and/or judgements against the Plaintiff in this action, and maintain such assets during the pendency of the TRO and Attachment Orders.

Given that the Plaintiff in this action has his property withheld and frozen by Court Order, his obligation and ability to pay his creditors was re-assigned to the Sheriff upon notice. This was an equitable remedy for all creditors in which had an interest in the assets in which were attached by this court. This also provided that the Plaintiff in this action shall not have his property taken from him, and/or his interests eliminated until the conclusion of that Pre-Judgement Forfeiture action. The forfeiture action as just recently concluded however, the Defendant(s) in this action have continually violated the orders of

FILED: BRONX COUNTY CLERK 11/06/2018 04:18 PM

NYSCEF DOC. NO. 2

INDEX NO. 32851/2018E

RECEIVED NYSCEF: 11/09/2018

this court, therefore the Claiming agent's representation and stipulation cannot be enforced, as the court orders have been broken by the Defendant(s).

Thus, the Plaintiff brings this action as an emergency, to prevent the immediate and unjust harm that the defendants will bring by taking the Plaintiff's primary residence away through illegally bringing a foreclosure action in violation of this courts Orders and promises to the parties.

The due process in which this court had allegedly attempted to preserve during the pendency of the "Pre-Judgement" forfeiture action would be lost forever without any equitable and legal remedy; therefore, this court's immediate intervention is warranted.

Dated: November 6, 2018                **XX Jason P Brand XX**

Melville, New York                      Pro Se  Plaintiff

**FILED: BRONX COUNTY CLERK 11/06/2018 04:18 PM**
NYSCEF DOC. NO. 3

INDEX NO. 32851/2018EI
RECEIVED NYSCEF: 11/09/2018

# REQUEST FOR JUDICIAL INTERVENTION

UCS-840 (7/2012)

**Bronx Supreme COURT, COUNTY OF Bronx**

| | | For Court Clerk Use Only: |
|---|---|---|
| | | IAS Entry Date |

**Index No:** **Date Index Issued:**

| | Judge Assigned |
|---|---|

**CAPTION:** Enter the complete case caption. Do not use et al or et ano. If more space is required, attach a caption rider sheet.

| | RJI Date |
|---|---|

jason p brand

**Plaintiff(s)/Petitioner(s)**

-against-

Wells Fargo Bank, N.A.
Wells Fargo Home Mortgage

**Defendant(s)/Respondent(s)**

## NATURE OF ACTION OR PROCEEDING: Check ONE box only and specify where indicated.

### MATRIMONIAL

☐ Contested

**NOTE:** For all Matrimonial actions where the parties have children under the age of 18, complete and attach the **MATRIMONIAL RJI Addendum**. For Uncontested Matrimonial actions, use RJI form UD-13.

### TORTS

☐ Asbestos
☐ Breast Implant
☐ Environmental:
☐ Medical, Dental, or Podiatric Malpractice
☐ Motor Vehicle
☐ Products Liability:
☐ Other Negligence:
☐ Other Professional Malpractice:

Other Tort: CPLR 6301,6312,6313

### OTHER MATTERS

☐ Certificate of Incorporation/Dissolution    [see **NOTE** under Commercial]
☐ Emergency Medical Treatment
☐ Habeas Corpus
☐ Local Court Appeal
☐ Mechanic's Lien
☐ Name Change
☐ Pistol Permit Revocation Hearing
☐ Sale or Finance of Religious/Not-for-Profit Property
☐ Other:

### COMMERCIAL

☐ Business Entity (including corporations, partnerships, LLCs, etc.)
☐ Contract
☐ Insurance (where insurer is a party, except arbitration)
☐ UCC (including sales, negotiable instruments)
☐ Other Commercial:

**NOTE:** For Commercial Division assignment requests [22 NYCRR § 202.70(D)], complete and attach the **COMMERCIAL DIV RJI Addendum**.

### REAL PROPERTY: How many properties does the application include?

☐ Condemnation
☐ Mortgage Foreclosure:      ☐ Residential      ☐ Commercial
   Property Address:
   **NOTE:** For Mortgage Foreclosure actions involving a one- to four-family, owner-occupied, residential property, or an owner-occupied condominium, complete and attach the **FORECLOSURE RJI Addendum**.
☐ Tax Certiorari - Section:      Block:      Lot:
☐ Tax Foreclosure
☐ Other Real Property:

### SPECIAL PROCEEDINGS

☐ CPLR Article 75 (Arbitration)    [see **NOTE** under Commercial]
☐ CPLR Article 78 (Body or Officer)
☐ Election Law
☐ MHL Article 9.60 (Kendra's Law)
☐ MHL Article 10 (Sex Offender Confinement-Initial)
☐ MHL Article 10 (Sex Offender Confinement-Review)
☐ MHL Article 81 (Guardianship)
☐ Other Mental Hygiene:
☐ Other Special Proceeding:

## STATUS OF ACTION OR PROCEEDING: Answer YES or NO for EVERY question AND enter additional information where indicated.

| | YES | NO | |
|---|---|---|---|
| Has a summons and complaint or summons w/notice been filed? | ☐ | ☒ | If yes, date filed: |
| Has a summons and complaint or summons w/notice been served? | ☐ | ☒ | If yes, date served: |

1 of 2

**FILED: BRONX COUNTY CLERK 11/06/2018 04:18 PM**          INDEX NO. 32851/2018E

NYSCEF DOC. NO. 1                                          RECEIVED NYSCEF: 11/09/2018

## NATURE OF JUDICIAL INTERVENTION:          Check ONE box only AND enter additional information where indicated.

- [ ] Infant's Compromise
- [ ] Note of Issue and/or Certificate of Readiness
- [ ] Notice of Medical, Dental, or Podiatric Malpractice     Date Issue Joined:
- [ ] Notice of Motion                    Relief Sought:                                    Return Date:
- [ ] Notice of Petition                  Relief Sought:                                    Return Date:
- [X] Order to Show Cause                  Relief Sought: Injunction / TRO                   Return Date:
- [ ] Other Ex Parte Application          Relief Sought:
  - [ ] Poor Person Application
    - Request for Preliminary Conference
    - Residential Mortgage Foreclosure Settlement Conference
    - Writ of Habeas Corpus
    - Other:   TRO - CPLR 6301,6312,6313

## RELATED CASES:
List any related actions. For Matrimonial actions, include any related criminal and/or Family Court cases. If additional space is required, complete and attach the **RJI Addendum**. If none, leave blank.

| Case Title | Index/Case No. | Court | Judge (if assigned) | Relationship to Instant Case |
|---|---|---|---|---|
| Schneiderman V Brand | 251437/2014 | bronx supreme | guzman | In contempt of this case Court Orders |
| | | | | |
| | | | | |

## PARTIES:
For parties without an attorney, check "Un-Rep" box AND enter party address, phone number and e-mail address in space provided. If additional space is required, complete and attach the **RJI Addendum**.

| Un-Rep | Parties: List parties in caption order and indicate party role(s) (e.g., defendant; 3rd-party plaintiff). | Attorneys and/or Unrepresented Litigants: Provide attorney name, firm name, business address, phone number and e-mail address of all attorneys that have appeared in the case. For unrepresented litigants, provide address, phone number and e-mail address. | Issue Joined (Y/N): | Insurance Carrier(s): |
|---|---|---|---|---|
| X | Name: brand, jason p. Role(s): Plaintiff/Petitioner | jason brand, 23 Barrington Pl , Melville, NY 11747, jasonb8293@me.com | NO | |
| [ ] | Name: wells fargo Bank N.A. Role(s): Defendant/Respondent | shapiro dicarlo & barak, llc, 175 mile crossing blvd, rochester, ny 14624, erugino@rosicki.com | NO | |
| [ ] | Name: Wells Fargo Home Mortgage Role(s): Defendant Counsel | Shapiro, D'Carlo, & Barak, LLC, 175 Mile Crossing Road, Rochester, NY14624 | NO | |
| [ ] | Name: Role(s): | | | |
| [ ] | Name: Role(s): | | | |

**I AFFIRM UNDER THE PENALTY OF PERJURY THAT, TO MY KNOWLEDGE, OTHER THAN AS NOTED ABOVE, THERE ARE AND HAVE BEEN NO RELATED ACTIONS OR PROCEEDINGS, NOR HAS A REQUEST FOR JUDICIAL INTERVENTION PREVIOUSLY BEEN FILED IN THIS ACTION OR PROCEEDING.**

**Dated:**   11/06/2018                                          jason P brand

                                                               **SIGNATURE**

                                                               jason P brand
                                                               jason P brand

Fax #: 631-824-9109

                              At I.A.S. Part ___ of the Supreme Court
                              of the State of New York, held in and
                              for the County of Bronx, at the
                              Courthouse thereof, 851 Grand Concourse,
                              Bronx, New York, N. Y., on the ___th day
                              November 2018.


PRESENT: HON._____
                    Justice of the Supreme Court


------------------------x                Index Number
                                         **32851/2018E**
JASON P BRAND
Plaintiff(s),

- against -

                                         **ORDER TO SHOW CAUSE
                                         IN CIVIL ACTION**
WELLS FARGO BANK NA, ET AL.
Defendant(s).

------------------------x
Upon reading and filing the Summons & Complaint, filed the 8th day of

November,2018 and the affidavit in support of a Temporary Restraining

order (TRO) & a Preliminary Injunction, sworn to the 8th day of November

2018, and the exhibits attached thereto, and refer to the orders herein

under  Bronx County Civil Supreme Court Index #: 251437/2014 - the

Attachment Order & TRO, Suffolk County Supreme Court Index #:612239/2015,

in which the Defendant(s) blatantly violate the orders/ are in contempt

of such orders under Bronx Co Civil Supreme 25137/2014.


Let the party or attorney In opposition show cause at lA.S. Part ___ Room

___, of this Court, to be held at the Courthouse, 851 Grand Concourse,

Bronx, New York 10451 on the ____ Day of November, at ____ o'clock in the

morning or as soon as the parties to this proceeding may be heard why an

order should not be issued, providing the following relief The defendant